**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| CLYDE FRANKLIN HOLLAND, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 5:18-CV-178 (MTT) |
| Warden GREGORY MCLAUGHLIN, *et al.*, | ) |
| Defendants. | ) |

## ORDER

After screening Plaintiff Clyde Franklin Holland's complaint pursuant to 28 U.S.C. § 1915A, United States Magistrate Judge Charles H. Weigle allowed the Plaintiff's retaliation claim against Defendant McLaughlin to proceed for further factual development. Doc. 5 at 1. The Magistrate Judge recommends dismissing without prejudice the Plaintiff's remaining claims. *Id.* The Plaintiff has objected to the Recommendation. Doc. 8. Pursuant to 28 U.S.C. § 636(b)(1), the Court has considered the Petitioner's objection and made a de novo determination of the portions of the Recommendation to which the Petitioner objects. For the following reasons, the Recommendation is **ADOPTED in part** and **REJECTED in part.**

Of the issues raised in the Plaintiff's objections, only the Plaintiff's deliberate indifference claim against Defendant McLaughlin has any merit.[1] To prove deliberate

---
[1] In his objections, the Plaintiff also asserts a deliberate indifference claim against Defendant Augusta Regions University and a retaliation claim against Defendant Charles. Doc. 8 at 3. As an initial matter, the doctrine of sovereign immunity bars suits against states and their agencies. *Stevens v. Gay,* 864

indifference, a prisoner must (1) show he had a serious medical need; (2) "satisfy the subjective component by showing that the prison official acted with deliberate indifference to [his] medical need"; and (3) show that the injury was caused by the defendant's wrongful conduct. *Goebert v. Lee Cty.*, 510 F.3d 1312, 1326 (11th Cir. 2007). Here, the Plaintiff contends that Defendant McLaughlin "was fully aware" that the Plaintiff was "suffering from medical problems from severe injuries, and heart problems," and still refused to prescribe him a "medical diet pack out." Doc. 8 at 2. As a result, the Plaintiff claims to have suffered from high blood pressure and taken medicine to reduce fluid buildup.[2] *Id.* Liberally construing these allegations, the Court finds the Plaintiff has sufficiently raised a claim for deliberate indifference to medical needs against Defendant McLaughlin.

Accordingly, the Recommendation (Doc. 5) is **ADOPTED in part** and **REJECTED in part**. The Plaintiff's retaliation and deliberate indifference claims against

---

F.2d 113, 115 (11th Cir. 1989) (citing *Alabama v. Pugh,* 438 U.S. 781, 782 (1978)) ("The Eleventh Amendment bars this action against the Georgia Department of Corrections and Board of Corrections."). Like the Georgia Department of Corrections, Augusta Regions University is a state agency. Thus, it is protected by sovereign immunity. Regarding the Plaintiff's retaliation claim against Defendant Charles, the Plaintiff alleges that Defendant Charles "is directly responsible for retaliation" because Defendant Charles "was served with pending litigation filed against him months before he signed authorizing Plaintiff to be put in a tier program." Doc. 8 at 1, 3. It seems the Plaintiff is arguing that the timing of the segregation order shows that Defendant Charles retaliated against him. However, case law is clear that temporal proximity alone cannot establish retaliation. *See Hall-Bey v. Hanks*, 93 F. App'x 977, 981 (7th Cir. 2004) (citations omitted) ("Hall–Bey, however, offered only a timeline of events, and even assuming that the timing of the two-day span between his letter and the hearing on the money laundering charges, followed by the disciplinary and subsequent administrative segregations, was suspicious, temporal proximity alone cannot establish retaliation."); *see also Davis v. Florence*, 600 F. App'x 26, 27 (2d Cir. 2015) (citation omitted) ("In the context of prisoner retaliation claims, we have required evidence beyond temporal proximity between the protected activity and the adverse action before allowing a prisoner to proceed to trial on such a claim."). Accordingly, the Plaintiff's retaliation claim against Defendant Charles and deliberate indifference claim against Defendant Augusta Regions University are **DISMISSED without prejudice**.

[2] The allegations that the Plaintiff suffered from high blood pressure and was prescribed medicine to reduce fluid buildup are new. Accordingly, the Court construes this portion of the objection as a motion to amend and **GRANTS** that motion. *Newsome v. Chatham Cty. Det. Ctr.*, 256 F. App'x 342, 344 (11th Cir. 2007)

Defendant McLaughlin may proceed for further factual development. The rest of the Plaintiff's claims are **DISMISSED without prejudice**.

**SO ORDERED,** this 27th day of November, 2018.

S/ Marc T. Treadwell  
MARC T. TREADWELL, JUDGE  
UNITED STATES DISTRICT COURT